WILLIAM R. TAMAYO - #084965 (CA)
JONATHAN T. PECK - #12303 (VA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
901 Market Street, Suite 500
San Francisco, California 94103
Telephone: (415) 356-5085

LUCILA G. ROSAS #187345 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
96 N. Third St., Suite 200
San Jose, CA 95112
Telephone: (408) 291-6401
Facsimile: (408) 291-4539

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY MEDICAL ASSOCIATION (SCCMA)<br><br>AND<br><br>BUREAU OF MEDICAL ECONOMICS (BME)<br><br>  Defendants. | CIVIL ACTION NO.<br><br>**COMPLAINT**<br><br>Civil Rights -<br>Employment Discrimination<br><br>**JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, retaliation and constructive discharge and to provide appropriate relief to Ms. Lynn Pulaski and other female employees of the Defendants. As alleged below, Defendants unlawfully subjected Ms. Pulaski and other female employees to sexual harassment and a hostile work environment. Plaintiff

**COMPLAINT**                         1

also alleges that Defendants subjected Ms. Pulaski to retaliation and constructive discharge because she engaged in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5 (f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

## INTRA-DISTRICT ASSIGNMENT

2. This action is appropriate for assignment to the San Jose division because the unlawful employment practices alleged were committed within Santa Clara County, within the jurisdiction of the United States District Court for the Northern District of California.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706 (f) (1) and (3) of Title VII, 42 U.S.C. §2000e-5 (f) (1) and (3).

4. At all relevant times, Defendant Santa Clara County Medical Association (SCCMA) has continuously been, and is now, a California corporation, qualified and doing business in the State of California and the City of San Jose and has continuously had and does now have at least 15 employees.

5. At all relevant times, Defendant SCCMA has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Bureau of Medical Economics (BME) has continuously been, and is now, a California corporation, qualified and doing business in the State of California and the City of San Jose, and has continuously had and does now have at least 15 employees.

///

**COMPLAINT** 2

7.     At all relevant times, Defendant BME has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8.     More than thirty days prior to the institution of this lawsuit, Ms. Lynn Pulaski filed a charge with the Commission alleging violations of Title VII by Defendants SCCMA and BME.  All conditions precedent to the institution of this lawsuit have been fulfilled.

9.     Since at least 1993, Defendants have engaged in unlawful employment practices of sex discrimination in violation of Section 703 (a) (1) of Title VII, 42 U.S.C. § 2000e-2 (a) (1). These practices include subjecting Ms. Pulaski and other female employees of the Defendants to sexual harassment, creating a hostile, abusive, intimidating and discriminatory work environment, including tangible employment actions and constructive discharge.

10.    Since at least 1995, Defendants have subjected Ms. Pulaski to adverse employment actions in retaliation for her opposition to and rejection of the sexual harassment in violation of Section 704 (a) of Title VII, 42 U.S.C. Section 2000e-3 (a). These practices include abusive treatment, retaliatory discipline and constructive discharge.

11.    The effect of the practices complained of above has been to deprive Ms. Pulaski and other female employees of equal employment opportunities and otherwise adversely affect their employment status because of their sex and on account of retaliation and constructive discharge.

12.    The unlawful employment practices complained of above were and are intentional.

13.    The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Ms. Pulaski and other female employees of the Defendants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors,

**COMPLAINT**                                3

1 assigns, and all persons in active concert or participation with it, from engaging in sexual
2 harassment, retaliation, constructive discharge and any other employment practice which
3 discriminates on the basis of sex.

4       B.     Order Defendants to institute and carry out policies, practices, and programs
5 which provide equal employment opportunities for women and those persons who complain
6 about sexual harassment, and which eradicate the effects of its past and present unlawful
7 employment practices.

8       C.     Order Defendants to make whole Ms. Pulaski and a class of female employees by
9 providing appropriate back pay with prejudgment interest, in amounts to be determined at trial,
10 and other affirmative relief necessary to eradicate the effects of their unlawful employment
11 practices.

12       D.     Order Defendants to make whole Ms. Pulaski and a class of female employees by
13 providing compensation for past and future pecuniary losses resulting from the unlawful
14 employment practices described above, including but not limited to medical expenses, with
15 interest, in amounts to be determined at trial.

16       E.     Order Defendants to make whole Ms. Pulaski and a class of female employees by
17 providing compensation for past and future non-pecuniary losses caused by the above unlawful
18 conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life,
19 loss of self-esteem and humiliation, in amounts to be determined at trial.

20       F.     Order Defendants to pay Ms. Pulaski and a class of female employees punitive
21 damages for its malicious and reckless conduct described above, in amounts to be determined at
22 trial.

23       G.     Grant such further relief as the Court deems necessary and proper in the public
24 interest.

25       K.     Award the Commission its costs of this action.
26 ///
27 ///
28 ///

**COMPLAINT**                 4

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of the General Counsel
Washington, DC 20507
Telephone: (202) 663 - 4702

DATE: _____

WILLIAM R. TAMAYO
Regional Attorney

DATE: _____

JONATHAN T. PECK
Supervisory Trial Attorney

DATE: _____

LUCILA G. ROSAS
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
96 N. Third St, Suite 200
San Jose, CA 95112
(408) 291-6401

**COMPLAINT**      5