WILLIAM R. TAMAYO (CA Bar No. 084965)
JONATHAN T. PECK (VA Bar No. 12303)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
901 Market Street, Suite 500
San Francisco, CA 94103
Telephone No. (415) 356-5085

LUCILA G. ROSAS (CA Bar No. 187345)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Jose Local Office
96 North Third Street, Suite 200
San Jose, CA  95112
Telephone No. (408) 291- 6401
Facsimile No. (408) 291- 4539

Attorneys for Plaintiff


SANDRA J. SPRINGS (SBN 68607)
SUNENA SABHARWAL (SBN 148237)
LAW OFFICES OF SANDRA J. SPRINGS
1999 Harrison Street, Suite 800
Oakland, CA  94612
Telephone No. (510) 466-6090
Facsimile No. (510) 874-4168

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SANTA CLARA COUNTY MEDICAL ASSOCIATION (SCCMA) <br><br> and <br><br> BUREAU OF MEDICAL ECONOMICS (BME) <br><br> Defendants. | **CIVIL ACTION NO.** <br><br> C-01-20915 PVT <br><br><br> **CONSENT DECREE** |

CONSENT DECREE
C-01-20915 PVT

# I.  INTRODUCTION

On September 28, 2001, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991.  Plaintiff alleged that Defendants unlawfully subjected Ms. Lynn Pulaski and other similarly situated female employees to sexual harassment and a hostile work environment.  The EEOC also alleged that Ms. Pulaski was subjected to retaliation and constructively discharged.

On November 19, 2001, Defendants, Santa Clara County Medical Association (SCCMA) and Bureau of Medical Economics (BME)(hereinafter "Defendants"), answered the complaint and denied liability on all claims asserted by the EEOC.

The EEOC and Defendants want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation. They enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII.

# II.  NON-ADMISSION OF LIABILITY

This consent decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation by Defendants.

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

# III.  GENERAL PROVISIONS

1.  This Court has jurisdiction over the subject matter and the parties to this action.

2.  This Consent Decree constitutes a full resolution of  Plaintiff's complaint in Civil Action No. C-01-20915-PVT and the underlying charge of discrimination filed with the EEOC, including claims from all similarly situated members of the class and all similarly situated employees who have or could have asserted any such claims arising out of this complaint.

3.  This Consent Decree shall become effective upon its entry by the Court.

4.  Each party shall bear its own costs and attorney fees.

CONSENT DECREE
C-01-20915 PVT

#### IV.  INJUNCTIVE RELIEF

1. *Sexual Harassment*: Consistent with Section 703 of Title VII, 42 U.S.C. §2000e-2, Defendants, its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, will make every effort to comply with all requirements of Title VII with respect to providing a work environment free from discrimination on the basis of sex and free from any action, policy or practice that is intended to or known to them to have the effect of harassing or intimidating any employee on the basis of her/his gender or creating, facilitating or permitting the existence of a work environment that is hostile to female or male employees.

2. *Retaliation*:  Consistent with Section 704 of Title VII, 42 U.S.C. §2000e-3, Defendants, its officers, agents, management (including supervisory employees), successors or assigns, and all those in active concert or participation with them, agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against Ms. Lynn Pulaski, Ms. Janet Melin and Ms. Wilma Miles or any person who was identified as a possible witness in this action because they opposed any practice of harassment or other discriminatory acts on the basis of gender made unlawful under Title VII; filed a Charge of Discrimination alleging any such practice; or testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendants), proceeding or hearing in connection with this case.

#### V.  MONETARY RELIEF

1. Defendants will pay to Ms. Lynn Pulaski, Ms. Janet Melin and Ms. Wilma Miles the gross sum total of ($73,000.00) ("the Settlement Sum") in full settlement of the discrimination claims made in this lawsuit.  Within 30 days of the entry of the Consent Decree, Defendants will issue a check to each of the aforementioned claimants in the amount set forth in their separate Settlement Agreement and Mutual Release.  The three separate checks shall be mailed to the attention of Lucila G. Rosas, Trial Attorney for the EEOC, at 96 N. Third St., Suite 200, San Jose, CA 95112.  The EEOC will distribute the checks to Ms. Pulaski, Ms. Melin and Ms. Miles immediately upon receipt.

CONSENT DECREE
C-01-20915 PVT

2.  The Settlement Sum is being paid in complete compromise of all disputed issues arising out of the employment of Ms. Pulaski, Ms. Melin and Ms. Miles and the Complaint filed in this lawsuit, Civil Action No. C-01-20915 PVT, U.S. District Court for the Northern District of California (San Jose Division), including all similarly situated employees and members of the class.

## VI. NON-MONETARY RELIEF

1. Defendants affirm the following "Statement of Zero-Tolerance Policy and Equality Objectives":

> Defendants are firmly committed to maintaining a zero-tolerance policy concerning sexual harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly responding to any acts of sexual harassment and retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of sexual harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

This paragraph does not create any contractual causes of action or other rights that would not otherwise exist.

2.  In order to accomplish the objectives embodied in the Statement of Zero-Tolerance Policy and Equality Objectives and this Consent Decree, Defendants shall develop policies, procedures and practices to implement the following policies, procedures and practices:

(a)  *Policy Addressing Sexual Harassment*.  Defendants will review their current sexual harassment policy and ensure that all employees have obtained a copy of that policy.

(b)  *Complaint Procedures*: Defendants will review its current policy to ensure that it contains a complaint procedure designed to encourage employees to come forward with complaints about violations of its harassment policy.  As part of the policy, Defendants shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of sexual harassment and retaliation.  Defendants shall designate at least two employees with responsibility for investigating such issues as contact persons.  The names of the contact persons, their work locations, and telephone

**CONSENT DECREE**
**C-01-20915 PVT**

1   numbers shall be listed on the harassment policy and also shall be routinely and

2   continuously posted in a prominent place at Defendants's business locations.

3       Defendants have provided a copy of the complaint procedures to the EEOC.

4       (c) *Supervisor Accountability*.

5       (i) Defendants agree that it shall impose substantial discipline – up to and

6   including termination, suspension without pay or demotion – upon any supervisor or

7   manager who engages in harassment on the basis of sex or who retaliates against any

8   person who complains or participates in any investigation or proceeding concerning any

9   such harassment.  Defendants shall communicate this policy to all supervisors and

10  managers at the time the person is hired or promoted to supervisor/manager and

11  subsequently, on an annual basis.

12      (ii) Defendants agree that it shall advise all managers and supervisors of their duty

13  to actively monitor their work areas to ensure employee compliance with the company's

14  harassment policy, and to report any incidents and/or complaints of sexual harassment

15  and/or retaliation of which they become aware to the department charged with handling

16  such complaints.

17      (d) *Sexual Harassment Training.*

18      (i) Defendants will develop and present to all of its employees at least one (1)

19  hour of mandatory sexual harassment training, the cost of which shall be borne by

20  Defendants.  The training will take place within ninety (90) days of the entry of the

21  Consent Decree.

22      (ii) The training described in the preceding paragraph shall be provided by a

23  person knowledgeable in sexual harassment who shall educate the employees about the

24  problems of sexual harassment in the workplace.   The training will include examples of

25  the types of remarks and behavior that will not be tolerated in Defendants' business

26  locations.  The training will further inform each participant that he or she is responsible

27  for knowing and complying with the contents of Defendants' harassment policy.

28  ///

CONSENT DECREE
C-01-20915 PVT

(iii) Supervisors and/or managers who are responsible for enforcing Defendants' harassment policy shall also receive training on appropriate techniques for investigating harassment and remedying it.  The training on investigative techniques can be included as a component of the mandatory sexual harassment training.

(iv) Defendants shall provide to the EEOC, at least five (5) days in advance of the training, a copy of the course syllabus for the training.  Following the training session, all participants shall be given a questionnaire through which they will be asked to critique the training and to provide suggestions to improve future trainings.

(v) Defendants will retain records of the training programs, listing the dates on which it held the training and identifying the persons who attended and those who did not attend.

(vi) Defendants shall provide a refresher training session for all of its employees, twelve (12) months after the initial sexual harassment training.  This training shall be at least one (1) hour long.

## VII.  REPORTING

1.  Six months after entry of the Consent Decree and again every six months thereafter until expiration of Decree, Defendants will submit reports to the Commission summarizing any complaints of sexual harassment received by Defendants during the preceding six-month period. The reports will include the identities of the complainant(s) and the alleged harasser(s), a summary of action taken in response to the complaint and the resolution of any such complaint.

2.  Defendants will conspicuously post the notice, a copy of which is attached as Exhibit 1, at its business locations.  Such notices shall be posted for six (6) months following entry of the Consent Decree.  Defendants will monitor the notices and replace within ten (10) days any notice which is defaced or removed.

3.  Within one hundred and twenty (120) days of the entry of the Consent Decree, Defendants will send the Commission appropriate verification of its completion of harassment training for its employees.

4.  Defendants shall submit a final report to the EEOC thirty (30) days before the Consent

**CONSENT DECREE**
**C-01-20915 PVT**

Decree expires containing a statement verifying its compliance with the terms of the Consent Decree.

## VIII.   RETENTION OF JURISDICTION AND
## EXPIRATION OF CONSENT DECREE

1.  This Consent Decree shall terminate three (3) years from the date of entry by the court. If EEOC determines that Defendants have not complied with the Consent Decree, EEOC will provide written notification of the alleged breach to Defendants and will not petition the court for enforcement sooner than thirty (30) days after providing written notification.  The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue.  If EEOC petitions the court and the court finds Defendants to be in substantial violation of the terms of the Decree, the court may extend this Consent Decree.

2.  This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree.

On behalf of Plaintiff:                                    On behalf of Defendants:


  s/ William Tamayo                                          s/ Sandra Springs
WILLIAM R. TAMAYO                              SANDRA J. SPRINGS
Regional Attorney                                     Attorney at Law
EEOC                                                          LAW OFFICES OF SANDRA J. SPRINGS


  s/ Jonathan T. Peck
JONATHAN T. PECK
Supervisory Trial Attorney
EEOC


  s/ Lucila G. Rosas
LUCILA G. ROSAS
Trial Attorney
EEOC

**CONSENT DECREE**
**C-01-20915 PVT**

1

2    IT IS SO ORDERED:

3

4

5    DATED:        _10/17/02_____        _____/s/  Patricia V. Trumbull_____
                                                      Honorable Patricia V. Trumbull
6    _____        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONSENT DECREE**
**C-01-20915 PVT**

## NOTICE TO EMPLOYEES

This notice is being posted as part of an agreement between the U.S. Equal Employment Opportunity Commission (EEOC) and Santa Clara County Medical Association (SCCMA) and Bureau of Medical Economics (BME).

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or over), or disability with respect to hiring, promotion, firing, compensation, sexual harassment, or other terms and conditions or privileges of employment.

Federal law also prohibits retaliation against any employee who files a charge of discrimination or who cooperates with the EEOC's investigation of a charge. The EEOC is committed to protecting employees who file charges or who are witnesses during an investigation including, if necessary, further court proceedings.

It is the policy of SCCMA and BME that it will not retaliate or tolerate retaliation in any way against any employee who has filed a charge or provided testimony in the course of an investigation.

It is also the policy of SCCMA and BME that discrimination will not be tolerated. This policy includes the fair treatment of all employees without regard for their protected status including sexual harassment. If any employee is found in violation of this policy, he/she will be subjected to disciplinary action, up to and including dismissal.

**If you wish to report an instance(s) of discrimination, please contact (IDENTIFY PERSON OR PERSONS - Name and Position Title).** All complaints of discrimination will be promptly addressed and corrected.

This notice will remain posted for six months and will not be defaced.

_____                    _____
Date                                                              Signature

**EXHIBIT 1**